IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAIL LAYMAN and JOSEPH LAYMAN, | ) ) ) | CIVIL ACTION NO. 2:22-cv-1605 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| DUNBAR TOWNSHIP, and NORTH FAYETTE WATER AUTHORITY, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | Electronically filed. |

COMPLAINT IN A CIVIL ACTION

COME NOW, the Plaintiffs, GAIL LAYMAN and JOSEPH LAYMAN, by and through their attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby file this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiffs under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3). Supplemental jurisdiction over Plaintiffs' state law claims is also proper pursuant to 28 U.S.C.A. § 1367.

4. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

PARTIES

5.     Plaintiff, Gail Layman, is an adult female individual who resides in Fayette County, Pennsylvania. Plaintiff Gail Layman is the wife of Plaintiff Joseph Layman.

6.     Plaintiff, Joseph Layman, is an adult male individual who resides in Fayette County, Pennsylvania. Plaintiff Joseph Layman is the husband of Plaintiff Gail Layman.

7.     Defendant, Dunbar Township ("Township"), is, and was, at all times relevant to this Complaint, a municipal corporation with an address of 128 Township Drive, Dunbar, Pennsylvania 15431.

8.     Defendant, North Fayette County Municipal Authority ("Authority"), is, and was, at all times relevant to this Complaint, a Pennsylvania municipal corporation with an address of 1634 University Drive, P.O. Box 368, Dunbar, Pennsylvania 15431.

FACTUAL ALLEGATIONS

9.     Plaintiffs own a property in Defendant Township located at 3425 4th Street, Dunbar, Pennsylvania 15431 (hereinafter referred to as "Plaintiffs' property"), where they have resided together since 2014. Plaintiff Joseph Layman owned the property prior to that time.

10.    Plaintiffs believe, and therefore aver, that Defendant Township holds a contract with Defendant Authority and that, under the contract, Defendant Authority is required to provide water to Defendant Township's residents including, but not limited to, the Plaintiffs, as well as to the fire hydrants in Defendant Township on behalf of Defendant Township.

11.    At all times relevant to this Complaint, Defendants Township and Authority had a duty to the Plaintiffs to provide water to the Plaintiffs' property as well as to properly dispense water to and/or service, inspect and maintain the fire hydrants surrounding the Plaintiffs' property.

12. For several years, multiple properties in Defendant Township, including, but not limited to, the Plaintiffs' property, have had dangerously low water pressure.

13. Other similarly situated properties in Defendant Township have not had, and do not have, low water pressure. No rational basis exists for this difference in treatment.

14. For several years, multiple fire hydrants maintained by Defendant Township and/or Authority and near properties in Defendant Township, including, but not limited to, the Plaintiffs' property, have had dangerously low water pressure.

15. Similarly situated properties in Defendant Township, however, are near fire hydrants maintained by Defendant Township and/or Authority that do not have low water pressure. No rational basis exists for this difference in treatment.

16. Defendants Township and Authority had actual knowledge of the significantly low water pressure of the properties and fire hydrants, as more fully described hereinbefore above, through various means including, but not limited to, reports by citizens and required inspections of fire hydrants.

17. For several years, residents of Defendant Township have raised concerns about the above-described low water pressure to Defendant Township's and/or Defendant Authority's leadership at township meetings.

18. Several firefighters have also raised concerns to Defendant Township and/or Defendant Authority about the above-described low water pressure of various fire hydrants in Defendant Township.

19. The installation of a pump system would provide stronger water pressure to the properties and fire hydrants experiencing low water pressure in Defendant Township, as more fully described hereinbefore above.

20. Despite Defendants Township and Authority's actual knowledge of the low water pressure of several fire hydrants and properties, Defendants Township and/or Authority have chosen to not purchase a pump system to remedy the low water pressure.

21. On or about January 17, 2022, Plaintiffs' property caught fire.

22. Multiple fire departments responded to the fire at the Plaintiffs' property, including the Monarch Fire Department and Morrell Fire Department.

23. The fire hydrants surrounding the Plaintiffs' property, however, failed to distribute the proper amount of water and/or water pressure necessary to contain the fire.

24. Furthermore, at one point, water completely stopped being distributed onto the fire due to a lack of water and/or water pressure.

25. At or around that time, the fire was no longer able to be contained and overtook the entire house on the Plaintiffs' property.

26. At that time, multiple firefighters were inside of the Plaintiffs house and, as a result of the lack of water, multiple firefighters sustained injuries.

27. As a direct and proximate result of the lack of water pressure and/or water during the fire, as more fully described hereinbefore above, the firefighters were unable to contain the fire on the Plaintiffs' property.

28. As a direct and proximate result of the uncontained fire, Plaintiffs' house was completely destroyed.

29. Plaintiffs' personal property inside of the house at the time of the fire was destroyed by the fire.

30. Several of the Plaintiffs' pets were inside of the Plaintiffs' house at the time of the fire and were killed by the fire.

31. Plaintiffs believe, and therefore aver, that prior to the stoppage of water onto the property, the firefighters were able to keep the fire on the Plaintiffs' property somewhat contained.

32. Furthermore, the lack of water pressure slowed the distribution of water onto the fire and directly affected the firefighters' ability to contain the fire on the Plaintiffs' property.

33. Prior to the fire on the Plaintiffs' property, Defendants had actual knowledge of the lack of water to and/or proper water pressure of the fire hydrants surrounding the Plaintiffs' property, including, but not limited to, through inspections and complaints by fire fighters and residents of the community.

34. Prior to the fire on the Plaintiffs' property, Defendants Township and/or Authority had actual knowledge that the purchase of a "pump system" would increase the amount of water distributed to and/or increase the water pressure of the fire hydrants surrounding the Plaintiffs' property.

35. Despite that actual knowledge, Defendants Township and/or Authority failed to take any action to resolve the serious lack of water and/or water pressure distributed to the fire hydrants surrounding Plaintiffs' property.

36. As a result of Defendants' inaction, as more fully described hereinbefore above, the fire hydrants were not properly maintained and did not distribute the proper amount of water and/or water pressure during the fire to contain the fire.

37. The failure of the Defendants, and each of them, to properly maintain the fire hydrants and dispense the proper amount of water and/or water pressure, created a reasonably foreseeable risk that a property in Defendant Township, including the Plaintiffs' property, could be destroyed by a fire that could have otherwise been controlled with properly working fire hydrants.

38.     As a result of the actions and inactions of the Defendants, and each of them, the fire on the Plaintiffs' property was not contained and the Plaintiffs' house and belongings were destroyed.

## COUNT I:

## PLAINTIFFS v. DEFENDANTS

### VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

### DUE PROCESS

39.     Plaintiff incorporates by reference Paragraphs 1 through 38 as though fully set forth at length herein.

40.     At all times relevant to this Complaint, Defendants Township and Authority had a duty to the Plaintiffs to provide water to Plaintiffs' property as well as to properly dispense water to and/or service, inspect and maintain the fire hydrants surrounding the Plaintiffs' property.

41.     Defendants Township and Authority failed to take any action to provide adequate water pressure to the Plaintiffs' property and to the fire hydrants nears the Plaintiffs' property, as more fully described hereinbefore above.

42.     In failing to act, as described hereinbefore above, Defendants exposed the Plaintiff to foreseeable harm, i.e. the Plaintiffs' property being destroyed by a fire, and thereby willfully disregarded the Plaintiffs' safety and property.

43.     The failure to take any action, despite having actual knowledge of the low water pressure on the Plaintiffs' property and the dangerously low water pressure of the fire hydrants near the Plaintiff's property, created an opportunity for injury and harm to the Plaintiffs that would not

have existed but for the Defendants' decision to not install a pump system, despite Defendants' actual knowledge of the inadequate water pressure.

44. Defendants' failure to take preventative action constitutes a willful disregard and a deliberate indifference to the rights of the Plaintiffs. In doing so, Defendants failed in their affirmative duty to the Plaintiffs.

45. As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, Plaintiff suffered the following injuries and damages:

  a. Plaintiffs' right under the Fourteenth Amendment to the United States Constitution were violated;

  b. loss of Plaintiffs' house and property;

  c. loss of Plaintiffs' pets;

  d. extreme emotional distress and emotional suffering;

  e. economic damages related to any and all consequential costs, including, but not limited to, reasonable attorney's fees and costs of this action.

WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                JURY TRIAL DEMANDED

COUNT II:

PLAINTIFFS v. DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

EQUAL PROTECTION – CLASS OF ONE

46.     Plaintiff incorporates by reference Paragraphs 1 through 45 as though fully set forth at length herein.

47.     At all times relevant to this Complaint, Defendants Township and Authority had a duty to the Plaintiffs to provide water to the Plaintiffs' property as well as to properly dispense water to and/or service, inspect and maintain the fire hydrants surrounding the Plaintiffs' property.

48.     As more fully described hereinbefore above, Plaintiffs' property and the fire hydrants surrounding the Plaintiffs' property had dangerously low water pressure.

49.     Other similarly situated properties within Defendant Township and the fire hydrants surrounding those properties within Defendant Township have not had, and do not have, low water pressure.

50.     No rational basis exists for this difference in treatment.

51.     The Defendants' failure to take preventative action constitutes a willful disregard and a deliberate indifference to the rights of the Plaintiffs. In doing so, Defendants failed in their affirmative duty to the Plaintiffs.

52.     As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, Plaintiff suffered the following injuries and damages:

        a.     Plaintiffs' right under the Fourteenth Amendment to the United States Constitution were violated;

        b.     loss of Plaintiffs' house and property;

      c.     loss of Plaintiffs' pets;

      d.     extreme emotional distress and emotional suffering;

      e.     economic damages related to any and all consequential costs, including, but not limited to, reasonable attorney's fees and costs of this action.

WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFFS v. DEFENDANTS

VIOLATION OF THE PLAINTIFFS'<br>PENSNYLVANIA COMMON LAW RIGHTS

<u>NEGLIGENCE</u>

53. Plaintiff incorporates by reference Paragraphs 1 through 52 as though fully set forth at length herein.

54. Plaintiff claims damages for the injuries set forth herein against the Defendant for violations of the Plaintiffs' rights under Pennsylvania Common Law.

55. The failure of the Defendants, and each of them, to properly maintain the fire hydrants and dispense the proper amount of water and/or water pressure, created a reasonably foreseeable risk that a surrounding property in Defendant Township, including the Plaintiffs' property, could be destroyed by a fire.

56. At all times relevant to this Complaint, Defendants, and each of them, had a duty to the Plaintiffs to provide water to Plaintiffs' property as well as to properly dispense water to and/or service, inspect and maintain the fire hydrants surrounding the Plaintiffs' property.

57. As more fully described hereinbefore above, Defendants breached that duty when they failed to take any action, despite having actual knowledge of the low water pressure on the Plaintiffs' property and the dangerously low water pressure of the fire hydrants near the Plaintiff's property.

58. As a direct and proximate result of that breach in duty to the Plaintiffs, Plaintiffs' house and belongings on their property were destroyed.

59. As more fully described hereinbefore above, Defendants had actual knowledge of the deficiencies of the fire hydrants surrounding the Plaintiffs' property.

60. The failure of the Defendants, and each of them, to properly maintain the fire hydrants and dispense the proper amount of water and/or water pressure to the fire hydrants, created a foreseeable risk that a surrounding property in Defendant Township, including the Plaintiffs' property, could be destroyed by a fire.

61. As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, Plaintiff suffered the following injuries and damages:

   a. Plaintiffs' right under the Pennsylvania Common Law were violated;

   b. loss of Plaintiffs' house and property;

   c. loss of Plaintiffs' pets;

   d. extreme emotional distress and emotional suffering;

   e. economic damages related to any and all consequential costs, including, but not limited to, reasonable attorney's fees and costs of this action.

WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: November 14, 2022